IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN M. WOOD,

    Plaintiff,

v.                                                                                                  No. 13-cv-0392 SMV

CAROLYN COLVIN,
Acting Comm'r of SSA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 18] ("Motion"), filed on September 16, 2013.[1] The Commissioner responded on December 16, 2013. [Doc. 28]. Plaintiff replied on December 27, 2013. [Doc. 29]. The parties consented to the undersigned's conducting proceedings and entering final judgment in this case. [Doc. 27]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards in evaluating the opinion of Ed Cotgageorge, Ph.D. The ALJ also failed to make the requisite findings regarding the demands of Plaintiff's past relevant work. Accordingly, the Motion should be granted and the case remanded.

---

[1] The case was assigned to me on December 10, 2013, after the retirement of the previous judge. [Doc. 21].

## I. Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.  Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Id.*

Although ALJs are not required to discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). However, the failure to discuss a medical source opinion could constitute harmless error if, considering the source opinion, no reasonable factfinder could have resolved the factual matter in any other way. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

Moreover, when denying benefits because a claimant can return to his past work, ALJs are required to make specific findings regarding the demands of the claimant's past work. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). The failure to make such findings leaves nothing for meaningful judicial review and requires remand. *Id.* at 1025.

### III. Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on December 3, 2009, and for supplemental security income on December 21, 2009. Tr. 17. Plaintiff alleged a disability onset date of May 1, 2009. *Id.* His claim was denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Ben Willner held a hearing on November 18, 2011, in Albuquerque, New Mexico. Tr. 17, 31. Plaintiff and his then-attorney,[4] Robert Retherford, appeared by video-conference from Farmington,

---

[4] Before this Court, Plaintiff is represented by Feliz M. Martone and the Martone Law Firm.

New Mexico.  Tr. 17, 32.  The ALJ took testimony from Plaintiff and an impartial vocational expert ("VE"), Pamela Bowman, who appeared in Albuquerque.  Tr. 11, 32–65.

The ALJ issued his unfavorable decision on January 19, 2012.  Tr. 17–24.  At step one, he found that Plaintiff had not engaged in substantial, gainful activity since May 1, 2009, the alleged onset date.  Tr. 15.  Next, at step two, he found that Plaintiff suffered from the following severe impairments:  cognitive disorder "status post head injury" and attention deficit disorder.  Tr. 20.

At step three, he found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  *Id.*  Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 21–23.

> [Plaintiff] has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: He is able to understand, remember and carry out detailed but not complex instructions, make decisions, attend and concentrate for two hours at a time, interact adequately with co-workers and supervisors and respond appropriately to changes in a work setting.

Tr. 21–22.

At step four, the ALJ found that Plaintiff was able to perform his past relevant work as a bottled water salesperson.  Tr. 24.  Accordingly, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act, and he denied the claims on January 19, 2012.  *Id.*  Plaintiff requested review by the Appeals Council, but it denied the request on February 28, 2013.  Tr. 1−3.  Plaintiff timely filed the instant action on April 26, 2013.  [Doc. 1].

5

## IV. Analysis

Plaintiff raises several claims, two of which are meritorious. First, the Court agrees that the ALJ failed to apply the correct legal standards in evaluating Dr. Cotgageorge's opinion. Indeed, he failed to discuss Dr. Cotgageorge's opinion at all. Second, the Court agrees that the ALJ impermissibly failed to make any findings regarding the demands of Plaintiff's past relevant work. However, the Court finds no error in the ALJ's evaluation of the statements of Plaintiff's mother. On remand, proper evaluation of Dr. Cotgageorge's opinion may affect the final error alleged by Plaintiff, i.e., that the ALJ should have restricted Plaintiff to sheltered or structured work. Accordingly, the Court declines to address that final claim at this time.

### A. The ALJ failed to apply the proper legal standards in evaluating Dr. Cotgageorge's opinion.

Plaintiff argues that the ALJ failed to perform the requisite analysis of Dr. Cotgageorge's opinion. [Doc. 18] at 7 (citing 20 C.F.R. §§ 404.1527, 416.927). The ALJ did not specify what weight he assigned to Dr. Cotgageorge's opinion. In fact, the ALJ failed to address Dr. Cotgageorge's opinion in any way. Therefore, Plaintiff argues that remand is necessary. *Id.* at 8.

The Commissioner responds that the ALJ must be taken at his word. Because the ALJ stated that he had considered all of the evidence, Tr. 17, 19, 21, 22, the Commissioner argues that this Court may not assume otherwise. [Doc. 28] at 5–11 (citing *Hamilton v. Sec'y of HHS*, 916 F.2d 1495, 1498–99 (10th Cir. 1992); *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009). Specifically, the Commissioner cites to *Marshall v. Astrue*, 315 F. App'x 757, 759–60 (10th Cir. Mar. 10, 2009) (unpublished) and *Payton v. Astrue*, 480 F. App'x 465, 469 (10th Cir.

6

May 7, 2012) (unpublished). The Tenth Circuit in both *Marshall* and *Payton* found no reversible error where the respective ALJs rejected treating physician opinions.[5] In addition to the ALJs' own statements that each ALJ had "considered the medical opinion evidence in accordance with the regulations and applicable Social Security Rulings that discuss the weight to give a treating doctor's opinion," the ALJs in *Marshall* and *Payton made express findings* regarding the treating physician opinions. *Marshall*, 315 F. App'x at 760; *Payton*, 480 F. App'x at 469.

The Commissioner's argument is not persuasive for two reasons. First, the ALJ's duty goes beyond *consideration* of the treating physician's opinion; the ALJ is also required to *make findings* on the record regarding the opinion. Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9, *12, 1996 WL 374188, at *5. Express findings are needed for meaningful review. *Id.*

Second, unlike the ALJs in *Marshall* and *Payton* who made express findings regarding the disputed medical source opinions, *Marshall*, 315 F. App'x at 760; *Payton*, 480 F. App'x at 469, the ALJ here made no findings whatsoever regarding Dr. Cotgageorge's opinion. *See* Tr. 17–24. The ALJ did not mention his name or his report at all. *See id.* Although the ALJ stated that the "had also considered the opinion evidence in accordance with the requirements of 20 [C.F.R. §§] 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p," Tr. 22—as

---

[5] Neither party argues one way or the other whether Dr. Cotgageorge's opinion qualifies as a "treating" source opinion. Although the Commissioner cites to cases that address treating source opinions and although the Court analyzes those cases, such analysis should not be inferred as a finding about whether Dr. Cotgageorge's opinion qualifies as a "treating" source opinion. Whether it does or it does not, the result is the same. The ALJ was required to make some findings about the opinion. *See Keyes-Zachary,* 695 F.3d at 1161 (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)) (internal citations omitted) ("It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions.").

7

did the ALJs in *Marshall* and *Payton*—ALJ Willner stopped there. The absence of any reference to Dr. Cotgageorge's opinion leaves nothing for this Court to review. Remand is required for application of the proper legal standards to Dr. Cotgageorge's opinion. *See* 20 C.F.R. §§ 404.1527; 416.927.

The Commissioner also argues that Dr. Cotgageorge's opinion is not relevant because it predated the alleged onset date by 15 months. [Doc. 28] at 7. She further argues that the opinion is not reliable because it was based on Plaintiff's "variable effort" and on incomplete testing. *Id.* (citing Tr. 291–92). She argues that the opinion is not consistent with the record. *Id.* Plaintiff replies that these "*post hoc* attempts to cure the deficient findings are not permissible." [Doc. 29] at 2.

Plaintiff is correct. *See, e.g.*, *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (Reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision" and may not "supply[] possible reasons" for an ALJ's decision after the fact.). A court may not make a "post hoc effort to salvage [an] ALJ's decision," because such an effort would thrust the court beyond its proper role of judicial review and into the exclusive domain of the administrative agency. *Id.* at 1084–85. This Court, therefore, may only consider the reasons provided by the ALJ himself and may not consider the post hoc support offered by the Commissioner. Here, the ALJ failed to apply the correct legal standards in evaluating Dr. Cotgageorge's opinion, and the Commissioner's impermissible post hoc explanation cannot remedy the error.

Finally, the Commissioner argues that "Plaintiff has not shown a harmful error [with respect to Dr. Cotgageorge's opinion]." [Doc. 28] at 6. The Court is not convinced. Based on Dr. Cotgageorge's opinion, a reasonable factfinder could ultimately conclude that Plaintiff was not able to perform the job identified by the ALJ. *See Allen*, 357 F.3d at 1145 (holding that the harmless-error doctrine applies in social security cases "where, based on the material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."). For example, Dr. Cotgageorge opined that:

> [Plaintiff] shows moderate to severe impairment on all measures that require concept formation and abstract reasoning. The current results indicate that he has extremely limited mental flexibility, and extremely limited ability to understand verbal or visual information, that is not concrete. He is also likely to experience significant difficulties changing his approach to tasks when task demands change. He has an extremely limited ability to adapt to changes in routine. He has significant difficulties adapting to new strategies, when confronted with changes in the environment.
>
> . . . .
>
> In addition, and of concern, he shows relatively little insight into the presence of any of these difficulties. He seems to understand that he does have some memory difficulties, and appears to appreciate the presence of some of the cognitive difficulties, but their severity and nature, do not appear to be known to him. He appears to suffer from anosognosia, meaning that he does not have insight into his own functioning.
>
> There are multiple implications for this level of cognitive impairment and emotional dysfunction, associated with the cognitive impairment. These results are consistent, with an individual, who is likely to have poor goal directed behavior, poor planning, lack of follow-through, organizational difficulties, and

9

> difficulties learning new adaptive strategies and skills, to assist him in work and social environments.

[Doc. 18] at 5–6 (quoting Tr. 291, 292). Given Dr. Cotgageorge's opinions, a reasonable factfinder could conclude that, in fact, Plaintiff does not have the RFC to "understand, remember, and carry out detailed but not complex instructions[;] make decisions[;] attend and concentrate for two hours at a time[;] . . . and respond appropriately to changes in a work setting." Tr. 21–22. Therefore, the error was not harmless, and remand is necessary.

    B.   The ALJ failed to make findings regarding Plaintiff's past relevant work.

The parties dispute whether the ALJ's findings were adequate at phase two of step four. *See* [Doc. 18] at 8–11; [Doc. 28] at 11–12. The Tenth Circuit Court of Appeals explained the phases at step four as follows:

> Step four of the sequential analysis . . . is comprised of three phases. In the **first phase**, the ALJ must evaluate a claimant's physical and mental residual functional capacity (RFC), *see* SSR 86–8, Soc. Sec. Rep. Serv., Rulings 1983–1991, 423, 427 (West 1992), and in the **second phase**, he must determine the physical and mental demands of the claimant's past relevant work. 20 C.F.R. § 404.1520(e). In the **final phase**, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. *See* SSR 82–62, Soc. Sec. Rep. Serv., Rulings 1975–1982, 809; *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir.1993). **At each of these phases, the ALJ must make specific findings.** *See Henrie*, 13 F.3d at 361.

*Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) (emphases added). The Tenth Circuit has also clarified that the record must be adequately developed to support the ALJ's findings at phase two in particular. *E.g., id.* at 1024. Where the record is adequately developed, the

phase-two findings must still be sufficient for a phase-three finding and for meaningful judicial review. *Id.* at 1025 ("Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When . . . the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, [courts] are left with nothing to review.").

Plaintiff argues that, at step four, the ALJ impermissibly failed to make *any* findings regarding the demands of his past relevant work. [Doc. 18] at 8–11 (citing *Winfrey*, 92 F.3d at 1023–26. Thus, Plaintiff concludes that the ALJ's ultimate finding that Plaintiff is able to return to his past relevant work is deficient. *Id.* Plaintiff additionally challenges the ALJ's ultimate finding that he could return to his past work because there is evidence of record that Plaintiff's past work was heavily accommodated, which Plaintiff argues is inconsistent with the RFC. *Id.* at 8.

The Commissioner responds that the ALJ properly determined the demands of Plaintiff's past work. [Doc. 28] at 11–12. Specifically, she summarizes the evidence that she believes is consistent with the ALJ's finding that Plaintiff could return to his past work, and she argues that the ALJ was permitted to rely on the testimony of the VE at step four. [Doc. 28] at 11–12 (citing *Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003) and *Winfrey*, 92 F.3d at 1025). Besides, she argues, Plaintiff's counsel did not argue at the hearing that his past relevant work was accommodated. [Doc. 28] at 11.

Plaintiff is correct.  The Commissioner's arguments are not persuasive.  The ALJ failed to make any findings at all regarding *the demands* of Plaintiff's past relevant work.  The entirety of his findings at step four are as follows:

> **6. The claimant is capable of performing past relevant work as a bottled water salesperson.  This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 [C.F.R. §§] 404.1565 and 416.965).**
> A vocational expert was present and testified at the hearing.  Based on the testimony of the vocational expert, that a hypothetical individual with the claimant's residual functional capacity could perform the claimant's past relevant work as a bottled water salesperson [sic].
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed.  The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2009, through the date of this decision . . . .

Tr. 24.  Although the ALJ made findings at phases one and three, he made no findings at phase two.  There is nothing at phase two for this Court to review.

The Commissioner correctly states that there is evidence on the record that *could* support a phase-two finding that the demands of Plaintiff's past relevant work were consistent with those of a bottled water salesperson as defined the Dictionary of Occupational Titles ("DOT") at 279.357-054.  *See* [Doc. 28] at 11–12 (citing Tr. 63–63 (VE's testimony)).  However, there is also evidence that tends to show that the demands of Plaintiff's past relevant work at his parents' bottled water company were much lighter than those of the bottled water salesperson as defined in the DOT.  [Doc. 18] at 8–11 (citing Tr. 37, 38, 46, 57) (Plaintiff's testimony).  This is Plaintiff's point.  Since the ALJ did not make findings on the demands of

12

Plaintiff's past relevant work, there is nothing meaningful for the Court to review, and remand is required.

The fact that the ALJ *could have* relied on the VE's testimony at phase two, as the Commissioner argues, *see* [Doc. 28] at 12, is of little consequence. The ALJ did not indicate that he relied on the VE's testimony regarding the *demands* of Plaintiff's past relevant work. Tr. 24. In fact, the ALJ made no reference to that testimony whatsoever. *Id.* The situation may have been different if the ALJ had referred to the VE's testimony regarding the demands of Plaintiff's past relevant work, but he did not. *See Doyal*, 331 F.3d at 761 (finding as adequate the ALJ's recitation of the VE's testimony about the demands of the plaintiff's past relevant work even though the ALJ did not expressly say that he "found" that the testimony described the contours of the plaintiff's past relevant work).

Lastly, the Commissioner points out that Plaintiff's counsel did not argue at the administrative hearing that Plaintiff's past relevant work was accommodated. [Doc. 28] at 11. The implication is that the failure to make the argument below is a waiver of the argument here. Of course, it has been settled law for more than a decade that issue exhaustion is not required in social security appeals. *See Sims v. Apfel*, 530 U.S. 103, 112 (2000); *Wall v. Astrue*, 561 F.3d 1048, 1073 (10th Cir. 2009). Even if Plaintiff's counsel did not raise the argument below—which the Court does not necessarily find—the failure would be of no consequence here. The ALJ impermissibly failed to make phase-two findings at step four, and remand is required to remedy the error.

C. <u>Plaintiff fails to show that the ALJ erred in considering the statement of Plaintiff's mother.</u>

Plaintiff argues that "[t]he ALJ failed to evaluate [Plaintiff's mother's] statements regarding [Plaintiff's] limitations with [sic] his ability to keep a schedule and memory problems." [Doc. 18] at 5 (citing SSR 06-3p). Plaintiff's argument is not persuasive because he misperceives the standard. "[A]n ALJ is not required to discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996) (internal citation omitted). Here, Plaintiff does not argue that his mother's statements are uncontroverted. *See* [Doc. 18] at 5. Thus, the ALJ was not required to expressly discuss Plaintiff's mother's statement. Plaintiff has failed to meet his burden to show that the ALJ impermissibly failed to evaluate his mother's statements.

## V. <u>Conclusion</u>

Remand is required for consideration of Dr. Cotgageorge's opinion under the proper legal standards and for specific findings regarding the demands of Plaintiff's past relevant work. However, there is no error in the ALJ's evaluation of Plaintiff's mother's statements. Because the final error alleged by Plaintiff—that the ALJ should have restricted him to sheltered or structured work—will necessarily be affected by proper consideration of Dr. Cotgageorge's opinion, that alleged error need not be addressed at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 18] be

**GRANTED**.  The Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

    **IT IS SO ORDERED**.

                                              _____
                                              **STEPHAN M. VIDMAR**
                                              **United States Magistrate Judge**
                                              **Presiding by Consent**